IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. DAWSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, et al.,<br><br>    Defendants.<br>_____/ | No. C 10-4066 CW (PR)<br><br>ORDER OF DISMISSAL |

INTRODUCTION

Plaintiff, a state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated his rights to free exercise of religion under the First Amendment and to equal protection under the Fourteenth Amendment.

His motion for leave to proceed in forma pauperis has been granted.

Venue is proper because the events giving rise to the claim are alleged to have occurred at Correctional Training Facility (CTF), which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: CTF Warden R. Grounds, CTF Assistant Warden J. Soares, and California Department of Corrections and Rehabilitation (CDCR) Secretary M. Cates, as well as the CDCR. He seeks injunctive relief, stating: "That to assure Plaintiff's rights to freedom of religion and equal protection of law be upheld by the California Department of Corrections & Rehabilitation being ordered by this Court to allow him participation in the family visiting program forthwith." (Compl. at 3-4.)

DISCUSSION

I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II. Factual Background

Under California Code of Regulations Title 15 § 3177(b)(2), CTF bans family visits for inmates who are serving life sentences without set parole dates and inmates who are housed in close B custody. (Compl. at 1.) Plaintiff is a close B custody inmate serving a life sentence. He does not have a set parole date. (Id. at 3.) Close B custody is a heightened security status.

Plaintiff is also "of the Christian faith, which commands him to perform specific marital duties such as consummating his marriage." (Id.) However, because of his close B custody status

2

and his life sentence without a set parole date, he is not permitted family visits.

On March 7, 2010, Plaintiff filed a 602 inmate appeal alleging the ban on family visits for inmates who are serving life sentences without set parole dates and inmates who are housed in close B custody violates his freedom of religion and his equal protection rights. Defendants Grounds and Soares denied Plaintiff's inmate appeal at the second level of review. Plaintiff alleges Defendants Grounds and Soares "utiliz[ed]" Title 15 § 3177(b)(2) to "deny his inmate appeal." (Id. at 2.)

Plaintiff submitted his inmate appeal to the Director's level of review because he was dissatisfied with the second level of review response. Defendant Cates denied Plaintiff's inmate appeal at the Director's level of review on the basis that Title 15 § 3177(b)(2) "prohibits Plaintiff from participating in the family visiting program due to him not having a parole date and his close B status." (Id.)

III. Legal Claims

    A.    Free Exercise of Religion

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008). A prison regulation that impinges on an inmate's First Amendment rights is valid if it is reasonably related to legitimate penological interests. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)); see e.g., McCabe v. Arave, 827 F.2d 634, 637 (9th Cir. 1987)

3

(prison regulation prohibiting Church Jesus Christ Christian inmates from group worship and group study reasonably related to legitimate penological needs); cf. Mayweathers v. Newland, 258 F.3d 930, 937-38 (9th Cir. 2001) (finding that policy of disciplining inmates when they miss a work assignment to attend Jumu'ah (Sabbath) services interfered with conduct mandated by Muslim faith and was not reasonably related to legitimate penological interests).

A prisoner is not required to show objectively that a central tenet of his faith is burdened by a prison regulation to raise a viable claim under the Free Exercise Clause. Shakur, 514 F.3d at 884-85. Rather, the sincerity test of whether the prisoner's belief is "sincerely held" and "rooted in religious belief" determines whether the Free Exercise Clause applies. Id. The prisoner must show that the religious practice at issue satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in Shakur, 514 F.3d at 884).

Plaintiff alleges that Defendants Grounds, Soares, Cates and the CDCR violated his right to the free exercise of religion by not permitting him family visits under California Code of Regulations Title 15, § 3177(b)(2). Plaintiff claims his free exercise of religion right was violated because he and his wife were prevented from "consummating their marriage," which has "placed he and his wife on a path to temptation and sin, and ultimately divorce, which also is in contradiction with his faith." (Id.)

The Court assumes without deciding that Plaintiff's beliefs

4

are sincerely held. However, Plaintiff has failed to show that Defendants burdened the practice of his religion without any justification reasonably related to legitimate penological interests. Plaintiff has acknowledged that Defendants acted under the authority of California Code of Regulations Title 15, § 3177(b)(2), which provides that "[f]amily visits shall not be permitted for inmates who are . . . sentenced to life . . . without a parole date established by the Board of Prison Terms" or for inmates who are "designated close A or close B custody." See Cal. Code Regs. tit. 15, § 3177(b)(2).

Inmates are housed in close B custody for various reasons, generally because of their crimes, sentence lengths or behavior while in prison. The CDCR has a legitimate penological interest in prohibiting family visits for inmates with a heightened security status. Plaintiff, as a close B custody inmate serving a life sentence without a set parole date, has a heightened security status. Defendants had a legitimate penological interest in prohibiting family visits for Plaintiff. Therefore, Plaintiff has failed to state a cognizable First Amendment free exercise of religion claim against Defendants Grounds, Soares, Cates and the CDCR.

To the extent that Plaintiff seeks relief against Defendants Grounds, Soares and Cates for their failure to grant his inmate appeal, this claim must fail. Prisoners have no absolute constitutional right for their grievances to be heard in a prison administrative appeal system. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). California prison regulations governing the grievance

1   process do not give rise to constitutionally protected liberty
2   interests; rather, California prison regulations grant prisoners a
3   purely procedural right and set forth no substantive standards.
4   See Cal. Code Regs. tit. 15, § 3084 (applicable to state prisons);
5   see also Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); Mann,
6   855 F.2d at 640.
7       Finally, to the extent that Plaintiff sues the CDCR for
8   violating his right to the free exercise of religion, this claim
9   must also fail. The Eleventh Amendment prevents the CDCR, which is
10  a state agency, from being sued in federal court. See Simmons v.
11  Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir.
12  2003) (Eleventh Amendment bars suit against state superior court
13  and its employees); Bennett v. California, 406 F.2d 36, 39 (9th
14  Cir. 1969) (California Adult Authority and California Department of
15  Corrections not persons within meaning of Civil Rights Act); see
16  also Raygor v. Regents of University of Minnesota, 534 U.S. 533,
17  541-42 (2002) (Eleventh Amendment bar includes state law claims
18  brought against a state in federal court under the supplemental
19  jurisdiction statute, 28 U.S.C. § 1367).
20      Accordingly, the Court DISMISSES Plaintiff's free exercise of
21  religion claim against Defendants Grounds, Soares, Cates and the
22  CDCR.
23      B.  Equal Protection
24      Plaintiff also alleges Defendants Grounds, Soares, Cates and
25  the CDCR violated Plaintiff's equal protection right by enforcing
26  the ban on family visits for close custody inmates and inmates
27  serving life sentences without set parole dates. "The Equal
28  Protection Clause of the Fourteenth Amendment commands that no

6

State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)). To state a claim for relief under the Equal Protection Clause, a plaintiff must allege that the defendant acted at least in part because of the plaintiff's membership in a protected class. See Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003). Proof of a discriminatory intent or purpose is also required. City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found., 538 U.S. 188, 194 (2003). In the prison context, an allegedly discriminatory prison regulation or practice is valid as long as it is "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

Plaintiff alleges that enforcement of the ban violates his equal protection right because he is "similarly situated to other inmates who receive family visits due to the fact that he and other inmates share the same interests in maintaining family and community connections." (Compl. at 3.) Plaintiff also alleges he is similarly situated to other non-close custody inmates because "he will eventually be released back into the community," and thus "family visiting is even more crucial for life term inmates . . . ." (Id.) Plaintiff does not allege that Defendants Grounds, Soares, Cates and the CDCR acted at least in part based on Plaintiff's membership in a protected class -- that is, based on Plaintiff's race or religion. Serrano, 345 F.3d 1081-82. Rather, as Plaintiff acknowledges, Defendants acted based on Plaintiff's

7

status as a close B custody inmate without an established parole date. Further, to the extent that Plaintiff sues the CDCR generally for violating his equal protection right, this claim must fail, as mentioned above, because the Eleventh Amendment prevents the CDCR from being sued in federal court. See Simmons, 318 F.3d at 1161. Plaintiff has failed to state a cognizable equal protection claim against Defendants Grounds, Soares, Cates and the CDCR; therefore, this claim is DISMISSED.

Accordingly, Plaintiff's complaint has failed to state a claim upon which relief may be granted. Because amendment would be futile, this action is DISMISSED with prejudice and without leave to amend.

CONCLUSION

For the foregoing reasons, this action is DISMISSED with prejudice and without leave to amend.

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 9/7/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

**United States District Court**
For the Northern District of California

DAVID C DAWSON,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS et al,

    Defendant.

Case Number: CV10-04066 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Clinton Dawson C-87839
Correctional Training Facility-Central
FW-320L
P.O. Box 689
Soledad,  CA 93960-0689

Dated: September 7, 2011

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk